Whitehead, J.
Introduction
This matter came on for a hearing on April 10, 2003 on the matter of assessment of damages in favor of plaintiffs, William and Maureen Buckley (the Buck-leys), against the defendant J.R. Builders, Inc. (J.R. Builders), and in favor of third-party plaintiff, J.R. Builders, Inc., against third-party defendant George E. Merrill and Son, Inc. (Merrill, Inc.). The Court took evidence on the claims of the Buckleys against J.R. Builders. Since the third-party claims include one for indemnification, the third-party defendant, Merrill, Inc., conceded that the damages against it equal any amount awarded against J.R. Builders on the Buckleys’ claims.
Background
The Buckleys brought suit in six counts against J.R. Builders to recover for defects in the foundation and septic system of their home. In response to the Buckley’s claims, J.R. Builders brought a third-party complaint for contribution and/or indemnification against Edward N. Herbert Associates, Inc. (Herbert, Inc.), which performed the percolation test relative to the septic system, Merrill, Inc., which designed and installed the system, and Gary Merrill, individually, who oversaw the installation of the system.
The principal claims by the Buckleys against J.R. Builders were founded in breach of contract (Count I), breach of express warranty (Count II), breach of the implied warranty of habitability (Count III), negligence (Count IV), fraud (CountV), and G.L.c. 93A, §9 (Count VI). On January 17, 2003, the Court (Billings, J.) granted summary judgment on the claims for breach of contract, breach of express warranty, breach of the implied warranty of habitability (as to the septic system only), and violation of G.L.c. 93A (as to the septic system only) [16 Mass. L. Rptr. 19). Earlier, Merrill, Inc. had defaulted on the third-party claims against it for contribution and indemnification. The summary judgment was on the issue of liability only. The court left open the amount of damages and the question of *555 whether or not the G.L.c. 93A violation was willful and knowing, such that a multiplier of damages is appropriate.
The following constitute the Court’s findings of fact and rulings of law on the open issues.
Findings of Fact
The facts supporting liability, as determined by the judge who ruled on the motion for summary judgment, are set forth in his memorandum and order on the motion. In summary, they are as follows. The Buckleys contracted with J.R. Builders to construct a house and a private septic system. J.R. Builders did construct the house and septic system and warranted both the foundation of the house and the septic system for a period of one year. With respect to the septic system, the warranty provided:
The operation of plumbing and sewerage disposal systems is warranted for a period of one year . . . except if in course of correcting a stoppage, any foreign objects are found within the system, the buyer will pay the entire cost of correction.
Within the one-year warranty period, cracks appeared in the foundation that permitted water to enter the basement, and the septic system failed.
The Buckleys notified J.R. Builders of the problems. With respect to the septic system failure, J.R. Builders, in turn, notified Herbert Associates. Herbert conducted a percolation test. The property passed the test. J.R. Builders consulted with Merrill, Inc., which speculated that the septic tank itself might be cracked. Merrill, Inc. suggested that the tank be replaced. It was replaced and relocated. The system still failed. Merrill, Inc., on behalf of J.R. Builders, then removed all of the sand surrounding the system and replaced and expanded the chambers in the system. Herbert then conducted another percolation test which was favorable. A few months later, the system failed again.
The Buckleys obtained four different inspection reports which established that the system failed due to improper fill being placed in the area surrounding the system. They consistently demanded that the problem be corrected. Finally, they sent to J.R. Builders, a G.L.c. 93A demand letter which stated what they believed the problem to be. The letter referenced the reports and demanded that the problem be cured.
In response, J.R. Builders hired Kurt Meisner, a licensed septic system designer, to make an “independent” determination of the problem. Meisner concluded that the problem with the system was possibly a combination of water run-off from the rooftop of the house and the driveway, and the deposit of fine particles generated by a water filtration system that the Buckleys installed after the house was built. As a result, J.R. Builders responded to the G.L.c. 93A letter by refusing to undertake further repairs of the system, on the ground that the scenario mentioned in the Meisner report fell within the “foreign objects" exception to the septic system warranty. However, the motion judge determined that neither of the conditions mentioned in the Meisner report invoked the foreign objects exception.
Having heard the testimony of the principal of J.R. Builders, Lawrence Palmisano, the Court determines that J.R. Builders’ initial efforts to repair the system were a good faith attempt to solve the waste disposal problem. However, when that attempt failed, J.R. Builders chose to stick its head in the sand (if such a metaphor will be excused in this case) and ignore the information being provided to it by the Buckleys concerning the source of the problem. As the motion judge noted, Meisner’s report constituted only speculation as to the source of the problem. Moreover, even if Meisner was correct, the “foreign object” exception to the warranty was inapplicable. The fact is that J.R. Builders warranted the system, the system failed, and J.R. Builders refused to do what was required to fix it, even after a G.L.c. 93A demand letter asked that it do so. That refusal in the face of the G.L.c. 93A letter was unreasonable, given the information available, and constituted a willful and knowing violation of G.L.c. 93A, §9.
Base Damages
The parties do not dispute that the Buckleys have base damages in the amount of $17,695.68, as outlined in William Buckley’s affidavit. That amount reflects their costs to obtain the inspections of the septic system, as well as the design of a repaired system and the repair itself.[1]
Damages Multiplier
General Laws c. 93A, §9 requires that damages be multiplied by a factor of no less than two nor greater than three. The Court elects a multiplier of two. Although J.R. Builder’s ultimate head-in-the-sand approach left the Buckleys without relief, the contractor did make significant initial efforts to resolve the problem, and those efforts mitigate its culpability to some degree.
Attorneys Fees and Costs
Plaintiffs counsel has billed $18,235.00 in fees and $1,623.23 in expenses, for a total of $19,862.22. The fees represent 104.30 hours of work at $175.00 per hour. The hourly rate is certainly a fair and reasonable rate. The Court has reviewed counsel’s time sheets and concludes that the case was disposed of with an economy of effort. The only particular observation which the Court would make about the sheets is that counsel’s work was “communication intensive,” that is to say, there was an extensive number of telephone calls, letters and e-mails to the client. The Court suspects that, to some degree, this results from the fact that Mr. Buckley is a client who wishes to be kept informed. As a general rule, communication is to be encouraged. However, the Court is of the view that some of the costs of attorney-client communication *556 ought to be absorbed by a party when it seeks an award of attorneys fees from an opposing party. Accordingly, the Court adjusts the fees billed by $1,000.00. Otherwise, counsel’s billed fees are fair and reasonable in light of the work performed, the skill of counsel, and the favorable result obtained.
The Court awards $17,235.00 as counsel fees and $1,623.23 for costs reasonably incurred.
ORDER FOR JUDGMENT[2]
The Court orders that judgment enter in favor of plaintiffs and against defendant J.R. Builders in the amount of $35,391.36, plus attorneys fees of $17,235.00 and costs of $1,623.23. The Court further orders that judgment enter in favor of the defendant/plaintiff-in-counterclaim J.R. Builders against defendant-in-counterclaim Merrill, Inc. in the amount of $17,695.68.[3]

No information was provided concerning the repair of the foundation crack. The Court assumes that the parties have resolved that issue among themselves.

The Court assumes that principles of indemnification do not extend liability to cover punitive remedies under G.L.c. 93A.

Absent a motion for the entry of separate and final judgment, the entry of judgment must be postponed until all of the remaining claims are resolved.